-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT WALKER, 81A5460,

                 Plaintiff,

       -v-

MICHAEL MCGINNIS, Superintendent of
Southport Correctional Facility;
NURSE WEAVER, Southport Corr. Facility;
NURSE DOHL, Southport Corr. Facility;
PAUCHSE, C. O.  a/k/a THOMPSON-WILLIAMS;
DR. SILVERBERG, Great Meadow Corr. Facility;
SGT. BROWN, Great Meadow Corr. Facility;
and P.A. NURSE "TED;

             Defendants.

**DECISION AND ORDER**
05-CV-0418A(F)

---

## INTRODUCTION

Plaintiff *pro se* Robert Walker, an inmate of the Great Meadow Correctional

Facility, has filed a complaint and this amended complaint seeking relief under

42 U.S.C. § 1983 (Docket No. 7) and has both requested permission to proceed

*in forma pauperis* and filed a signed Authorization (Docket No. 2).  Plaintiff claims

that the defendants, Michael McGinnis, Superintendent of Southport Correctional

Facility; Nurses Weaver and Dohl of Southport Correctional Facility; C.O.

Pausche, also known as Thompson-Williams; Dr. Silverberg and Sergeant Brown

of Great Meadow Correctional Facility; and P.A. Nurse "Ted", violated his

constitutional rights.  However, plaintiff alleges a conglomeration of allegations

against the defendants, and it is difficult to determine whom plaintiff seeks to hold responsible for what. Plaintiff has filed an amended complaint, which seems to also include within it a supplemental/amended complaint, but the claims are not clear. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Plaintiff's claims are each subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and Fed. R. Civ. P. 8. Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

2

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The Court cannot determine pursuant to it's review under 28 U.S.C. §§ 1915(e)(2)(B) whether plaintiff can state a claim against specific defendants.

The Federal Rules of Civil Procedure provide that:

> [a] pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). The Rules also require that each allegation be "concise and direct." Fed.R.Civ.P. 8(e)(1). The complaint submitted by the plaintiff does not comply with these rules. In this regard, the Court of Appeals for the Second Circuit has said:

> "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."

* * *

3

> When a complaint fails to comply with these
> requirements, the district court has the power, on motion
> or sua sponte, to dismiss the complaint or to strike such
> parts as are redundant or immaterial. ... "Dismissal,
> however, is usually reserved for those cases in which
> the complaint is so confused, ambiguous, vague, or
> otherwise unintelligible that its true substance, if any, is
> well disguised." ... Further, if the court dismisses the
> complaint for failure to comply with Rule 8, it should
> generally give the plaintiff leave to amend. This is
> especially true when the complaint states a claim that is
> on its face nonfrivolous.

*Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995) (citations omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid

claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged

conduct (1) was attributable to a person acting under color of state law, and (2)

deprived the plaintiff of a right, privilege, or immunity secured by the Constitution

or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405

(2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

Plaintiff's claims are too confused and vague to allow the Court to determine what

constitutional violation is alleged against whom and the defendants cannot be

expected to defend against the complaint in its current form because it fails to

give them fair notice of the claims against them.

Plaintiff's claims regarding failure to treat for, and monitor, hepatitis B

largely fail to allege who was personally involved in the denial of care. If plaintiff

cannot identify all of those involved, he should at least describe the positions of

4

the individuals who knew of his condition and are alleged to have deliberately failed to treat him in each facility from Sing Sing to Attica to Southport. Plaintiff's claims regarding denial of dental care are too sparse to allow the Court to determine if there is a constitutional claim, and also fail to allege facts demonstrating the personal involvement of particular defendants. The following claims also lack sufficient facts for the Court to review whether they state a constitutional claim: denial of hepatitis C vaccine; harassment by Pauchse, aka Thompson-Williams, having to do with interfering with mail and magazines; sexual harassment by Sergeant Brown which plaintiff calls a campaign of "homosexual -pat-frisk-routine."

However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

Using the form provided by the Court, plaintiff must complete the section provided to state his claims, completing a separate section for each of plaintiff's claims. For example, with regard to treatment for hepatitis B, plaintiff must say what happened, where, and as to each person he claims is responsible, what

they personally knew and did or did not do.  He must set out the claims for denial

of dental care in the same manner and in a separate section.  He may add extra

pieces of paper to the complaint form for each claim.  If there are other denials of

medical care he alleges, he must complete a new section explaining who did

what and when, and what consequence it had for him.  All allegations relating to

each such claim must be alleged in one section before going on to address the

next claim.  Other claims, for example, relating to retaliation or to interference

with other constitutional rights, must each be set out in separate sections in a

manner that allows the Court and the defendants to determine exactly what

plaintiff is claiming to have happened, in what manner, where and when, and who

is responsible.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a)

and filed an Authorization, his request to proceed *in forma pauperis* is granted.

For the reasons set forth above, plaintiff's complaint must be dismissed pursuant

to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **October**

**12, 2005** in which he includes the necessary allegations regarding his claims as

directed above and in a manner that complies with Rules 8 and 10 of the Federal

Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely</u>

<u>replace</u> the prior complaint in the action, and thus it "*renders [any prior complaint]*

6

of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d

Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls

Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d

1124, 1128 (2d Cir. 1994).  Therefore, plaintiff's amended complaint must include

all of the allegations against each of the defendants against whom the case is

going forward so that the amended complaint may stand alone as the sole

complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as

directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  Plaintiff is further forewarned that his right to pursue further

relief in federal court at public expense will be greatly curtailed if he has three

actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).

*See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma

pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as

directed above by **October 12, 2005**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with

this order a copy of the original complaint, a blank § 1983 complaint form, and the

instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **October 12, 2005**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **October 12, 2005**, the Clerk of the Court shall close this case as dismissed with prejudice without further order.

IT IS SO ORDERED.

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:     _Sept. 12_    , 2005

8