UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT WALKER,

      Plaintiff,

v.

MICHAEL McGINNIS, Supt., Southport
 Correctional Facility,
NURSE WEAVER, Southport Corr. Facility,
NURSE DOHL, Southport Corr. Facility,
C.O. PAUSCHE, a/k/a Thompson-Williams,
DR. SILVERBERG, Great Meadow Correctional
 Facility,
SGT. BROWN, Great Meadow Correctional
 Facility, and
P.A. NURSE "TED," Great Meadow Correctional
 Facility,

      Defendants.

---

**DECISION
and
ORDER

05-CV-418F
(consent)**

APPEARANCES:  ROBERT WALKER, Pro Se
      81-A-5460
      Elmira Correctional Facility
      P.O. Box 500
      Elmira, New York 14902

      ANDREW M. CUOMO
      ATTORNEY GENERAL, STATE OF NEW YORK
      Attorney for Defendants
      ANN C. WILLIAMS
      Assistant Attorney General, of Counsel
      107 Delaware Avenue
      Fourth Floor
      Buffalo, New York 14202

## JURISDICTION

On May 8, 2006, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. The matter is presently before the court on

Plaintiff's motions, including a motion to compel (Doc. No. 28), filed March 22, 2006, a motion to intervene and for a temporary restraining order and preliminary injunction (Doc. No. 31), filed March 30, 2006, and a supplemental motion to intervene, and for a temporary restraining order and preliminary injunction (Doc. No. 34), filed April 3, 2006.

## BACKGROUND and FACTS[1]

Plaintiff Robert Walker ("Plaintiff") commenced this action *pro se* on June 10, 2005, while incarcerated in Great Meadow Correctional Facility ("Great Meadow") in Comstock, New York.  An Amended Complaint (Doc. No. 3) was filed on July 11, 2005, and a Second Amended Complaint (Doc. No. 11) was filed on October 7, 2005. Plaintiff alleges that in 2004, while incarcerated in Southport Correctional Facility ("Southport"), Defendants Southport Superintendent McGinnis ("McGinnis"), Nurse Weaver ("Weaver") and Nurse Dohl ("Dohl"), failed to provide proper treatment to Plaintiff for Hepatitis C.  Second Amended Complaint at 7-8.  Plaintiff further claims that since being transferred to Great Meadow on April 8, 2005, Plaintiff has been denied proper treatment for Hepatitis C by Defendants Dr. Silverberg ("Dr. Silverberg"), and Nurse Ted Nesmith ("Nesmith").[2]  Second Amended Complaint at 9-10.

Answers to the Second Amended Complaint were filed by McGinnis on January 18, 2006 (Doc. No. 13), Dr. Silverberg and Nesmith on Feburary 8, 2006 (respectively,

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

[2] By Order filed November 29, 2005, Hon. Charles J. Siragusa dismissed claims Plaintiff asserted against Defendants Southport Correctional Officer Pausche and Great Meadow Sgt. Brown.  Further, as Defendant Nurse Dohl has never been served with the summons or complaint, she has not been joined as a party to this action, and has not submitted to personal jurisdiction in this court.  Fed. R. Civ. P. 4.

Doc. Nos. 20 and 21), and Weaver on March 1, 2006 (Doc. No. 23).

On March 22, 2006, Plaintiff moved to compel discovery of his medical records and interrogatory responses (Doc. No. 28) ("Motion to Compel"). The motion is supported by Plaintiff's Affidavit (Doc. No. 29) ("Plaintiff's Affidavit in Support of Motion to Compel"). On March 30, 2006, Plaintiff filed a motion for a temporary restraining order ("TRO") or preliminary injunction directing Plaintiff be transferred to different correction facility (Doc. No. 31) ("TRO Motion"), and an affidavit in support (Doc. No. 32) ("Plaintiff's Affidavit"), asserting that without such court intervention, Plaintiff's ability to litigate the instant action.[3] Plaintiff explains since December 2005, Plaintiff has been confined in Great Meadow's Segregated Housing Unit ("SHU"), and that, as an SHU inmate, has only limited access to legal materials, and that Defendants Dr. Silverberg and Nesmith have failed to properly treat his Hepatitis C. On April 3, 2006, Plaintiff filed a supplemental motion for an affirmative TRO or preliminary injunction (Doc. No. 34) ("Supplemental TRO Motion") directing Defendants provide him with proper medical treatment.[4] On April 20, 2006, Plaintiff filed an exhibit in support of the Supplemental TRO Motion (Doc. No. 36) ("Plaintiff's Exhibit").

In opposition to the Motion to Compel, the TRO Motion and Supplemental TRO

---

[3] Insofar as Plaintiff denominates his TRO Motion as seeking "leave to intervene," such motion is not made pursuant to Fed. R. Civ. P. 24 which provides for a person who is not a party to an action to become a party under certain circumstances. Rather, Plaintiff requests the court's intervention in granting his request for either a TRO or preliminary injunction. The court thus will not consider Plaintiff's TRO Motion as seeking leave to intervene under Rule 24.

[4] Similar to Plaintiff's TRO Motion, Plaintiff's Supplemental TRO Motion is denominated as seeking "leave to intervene," although such motion does not seek the relief which Fed. R. Civ. P. 24 provides. Rather, Plaintiff is requesting the court's intervention in granting his request for either a TRO or preliminary injunction and the court thus does not consider Plaintiff's Supplemental TRO Motion as seeking leave to intervene under Rule 24.

Motion, Defendants filed on May 5, 2006, the Declaration of Assistant Attorney General Ann C. Williams (Doc. No. 37) ("Williams Declaration"). On May 31, 2006, Plaintiff filed in support of the motions a declaration (Doc. No. 39) ("Plaintiff's Reply Declaration"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion to compel is DENIED; Plaintiff's TRO Motion and Supplemental TRO Motion are DISMISSED as moot.

## DISCUSSION

Plaintiff moves to compel Defendants to produce Plaintiff's medical records and interrogatory responses. Motion to Compel ¶¶ 1-2. Plaintiff asserts the motion is made in good faith. Plaintiff's Affidavit in Support of Motion to Compel at 2-3. Defendants argue in opposition that Plaintiff filed the Motion to Compel before serving Defendants with any document requests or interrogatories, and that Plaintiff has never provided Defendants with the necessary authorization permitting Defendants to obtain a copy of Plaintiff's medical record. Williams Declaration ¶¶ 7-8. As such, Defendants argue that Plaintiff's Motion to Compel was made without any good faith attempt to resolve any true discovery dispute in violation of Fed. R. Civ. P.37(a) and Local Rule of Civil Procedure 37. *Id.* ¶¶ 9-12.

Plaintiff does not contend that he moved to compel prior to serving Defendants with any discovery demands, and that he failed to provide the authorization forms required to permit Defendants to obtain a copy of Plaintiff's medical records. In the absence of any properly served discovery demands on Defendants, the Motion to Compel is without merit and is DENIED.

As for Plaintiff's TRO Motion seeking to be transferred to another facility, prison inmates do not have a right to be placed in a particular facility or to be free from transfers between facilities. *Meriwether v. Coughlin*, 879 F.2d 1037, 1047 (2nd Cir. 1989).  In New York state, administrative decisions concerning prisoner transfers are within the discretion of the New York State Department of Corrections. *Tinsley v. Goord*, No. 05 Civ. 3921, 2006 WL 2707324, at *5 (S.D.N.Y. Sept. 18, 2006) (citing N. Y. Correct. Law § 23 (McKinney 2006)); see *Matiyn v. Henderson*, 841 F.2d 31, 34 (2nd Cir. 1998).  Moreover, even if the court had the authority to order the transfer of a prisoner within the New York State Department of Corrections, based on this record amd Plaintiff's subsequent transfer to Elmira Correctional Facility ("Elmira") from Great Meadow, the facility from which he seeks to be removed, renders his request moot.

Similarly, insofar as Plaintiff asserts in support of the TRO Motion and Supplemental TRO Motion that Defendants Dr. Silverberg and Nesmith have failed to properly treat Plaintiff's Hepatitis C while incarcerated at Great Meadow, Plaintiff's transfer to Elmira from Great Meadow renders Plaintiff's requests for such affirmative injunctive relief also moot and such motions are therefore DISMISSED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion to compel (Doc. No. 28) is DENIED; Plaintiff's motion to intervene and for temporary restraining order and preliminary injunction (Doc. No. 31), and supplemental motion to intervene and for temporary restraining order and preliminary injunction (Doc. No. 34) are DISMISSED as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 23, 2007
         Buffalo, New York